[954 NYS2d 901]

In the Matter of OWEN CHAMBERS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 12, 2012

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order filed March 9, 2012 (209 NJ 417, 37 A3d 1134 [2012]), the Supreme Court of New Jersey suspended the respondent from the practice of law for a period of three months, effective April 9, 2012, for violating Rules of Professional Conduct rule 1.1 (a) (gross neglect); rule 1.3 (lack of diligence); rule 1.4 (b) (failure to communicate with client); rule 1.15 (a) (failure to safeguard property); rule 8.1 (a) (making a false statement to disciplinary authorities); rule 8.1 (b) (failure to cooperate with disciplinary authorities); and rule 8.4 (c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). The order was based on a decision of the Disciplinary Review Board (hereinafter DRB) of the Supreme Court of New Jersey, decided December 22, 2011.

The respondent was admitted to the New Jersey bar in 2000.

Summarized briefly, the underlying facts, as set forth in the DRB's decision, are as follows: In 2003, Walter Richardson retained the respondent to pursue the return of funds he believed an individual named Patricia Royster had taken from his retirement dinner. Royster was in charge of organizing the retirement party. After the party, Royster gave Richardson a cash gift of $500 (five $100 bills) and a $500 travel gift certificate. Richardson believed that Royster shortchanged him. When Richardson met the respondent in September 2003, Richardson gave the respondent, as evidence for his case against Royster, the five $100 bills and the gift certificate. Richardson paid the respondent a retainer, and the respondent thereafter filed a summons and complaint in Middlesex County Special Civil Part on Richardson's behalf. Royster defaulted, and Richardson obtained a default judgment against Royster for approximately $6,400. The respondent was to obtain an execution of Royster's wages, but failed to do so. Despite numerous and repeated attempts by Richardson to contact the respondent, the respondent did not communicate with Richardson, aside from sending a letter stating that he owed the respondent more money.

Following a hearing on March 11, 2011, the District VIII Ethics Committee (hereinafter DEC) made certain findings, conclusions, and recommendations. The DRB conducted a de novo review of the record. In a written decision dated December 22, 2011, the DRB was satisfied that the DEC's conclusion that the respondent was guilty of unethical conduct was fully supported by clear and convincing evidence, and found that the respon-

dent's failure to move for a wage execution constituted lack of diligence and gross neglect. The DRB further found that the respondent failed to reply to Richardson's repeated attempts to contact him about the status of the matter, and that the respondent failed to safeguard Richardson's funds and property. In addition, the DRB found that the respondent misrepresented to Kim Connor, the investigator for the DEC, that the $500 had been deposited into his trust account when, in fact, the money had not been deposited into any account. Lastly, the DRB found that the respondent failed to cooperate with the DEC investigators, and that the respondent's lying at the DEC hearing was a significant aggravating factor. Under the totality of the circumstances, the DRB determined that a period of suspension of three months was appropriate.

By order filed March 9, 2012, the Supreme Court of New Jersey, inter alia, suspended the respondent from the practice of law for a period of three months, effective April 9, 2012.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3, via first class mail, on May 17, 2012. More than 20 days have elapsed since service of the notice, and the respondent has neither filed a verified statement nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

In view of the findings of the DRB and the discipline imposed by the Supreme Court of New Jersey, we find that the imposition of reciprocal discipline is warranted and suspend the respondent from the practice of law for a period of six months.

ENG, P.J., MASTRO, RIVERA, SKELOS and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Owen Chambers, is suspended from the practice of law for a period of six months, commencing January 14, 2013, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than June 14, 2013. In such application, the respondent shall furnish satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing

the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Owen Chambers, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Owen Chambers, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Owen Chambers, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).